56 A.3d 862

IN THE MATTER OF RANDI K. FRANCO, AN ATTORNEY
AT LAW (ATTORNEY NO. 008111991).

December 5, 2012.

**ORDER**

The Disciplinary Review Board having filed with the Court its decision in DRB 12–053, 12–054, 12–05 and 12–056, concluding that **RANDI K. FRANCO** of **MORRISTOWN,** who was admitted to the bar of this State in 1991, should be disciplined for unethical conduct, including violations of *RPC* 1.5(d) (commingling of funds and charging a non-refundable retainer), *RPC* 1.7(a) (conflict of interest), *RPC* 1.8(a) (impermissible business transaction with client), *RPC* 1.15(d), *Rule* 1:21–6 (recordkeeping violations), and for the knowing misappropriation of escrow funds in violation of *Rule* 1.15(a) and the principles of *In re Hollendonner,* 102 *N.J.* 21, 504 *A.*2d 1174 (1985);

And **RANDI K. FRANCO** having been ordered to show cause why she should not be disbarred or otherwise disciplined;

And the Court having concluded from its review of the matter that the record does not support a finding of knowing misappropriation by clear and convincing evidence, but rather a finding of negligent misappropriation, and having determined that a three-month suspension from practice is the appropriate discipline for the totality of respondent's unethical conduct;

And good cause appearing;

It is ORDERED that **RANDI K. FRANCO** is suspended from the practice of law for a period of three months, effective January 4, 2013, and until the further Order of the Court; and it is further

ORDERED that respondent comply with *Rule* 1:20–20 dealing with suspended attorneys; and it is further

ORDERED that pursuant to *Rule* 1:20–20(c), respondent's failure to comply with the Affidavit of Compliance requirement of *Rule* 1:20–20(b)(15) may (1) preclude the Disciplinary Review Board from considering respondent's petition for reinstatement for a period of up to six months from the date respondent files proof of compliance; (2) be found to constitute a violation of *RPC* 8.1(b) and *RPC* 8.4(c); and (3) provide a basis for an action for contempt pursuant to *Rule* 1:10–2; and it is further

ORDERED that the entire record of this matter be made a permanent part of respondent's file as an attorney at law of this State; and it is further

ORDERED that respondent reimburse the Disciplinary Oversight Committee for appropriate administrative costs and actual expenses incurred in the prosecution of this matter, as provided in *Rule* 1:20–17.